OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



May 11, 1999

The Honorable Carole Keeton Rylander
Comptroller of Public Accounts
P.O. Box 219
Austin, Texas 78767-0219

Opinion No. JC-0046

Re: Authority of charitable organization to conduct raffle that offers prize valued in excess of $50,000, and related questions (RQ-0013)

Dear Comptroller Rylander:

In this opinion we construe portions of the Charitable Raffle Enabling Act, article 179f of the Revised Civil Statutes. As you know, the constitution requires the legislature to prohibit "lotteries and gift enterprises" in the state, except those expressly authorized by the constitution. TEX. CONST. art. III, § 47(a). Prior to voter approval of a constitutional amendment in 1989, any raffle was a prohibited lottery, even a raffle for charity. See Tex. Att'y Gen. Op. Nos. JM-513 (1986) at 2; O-6887 (1946) at 3-4. The constitution now allows the legislature by general law to permit a qualified religious society, qualified volunteer fire department, qualified volunteer emergency medical service, or qualified nonprofit organization to conduct a charitable raffle subject to the conditions imposed by law. TEX. CONST. art. III, § 47(d). All proceeds from the sale of tickets for the raffle must be spent for the charitable purposes of the organization. Id. The Charitable Raffle Enabling Act is the general law authorizing and regulating charitable raffles.

Your questions are asked with respect to a specific organization, St. Jude Children's Research Hospital. You inform us:

> St. Jude Children's Research Hospital, a national institution registered as a Texas foreign non-profit, is a hospital which provides treatment for children with cancer and other catastrophic childhood diseases. The hospital, located in Tennessee, provides treatment to children without regard to race, religion, creed or ability to pay. ALSAC/St. Jude, the hospital's fund-raising arm, pays all costs associated with treatment beyond those covered by insurance. Families who have no insurance are never asked to pay. The hospital conducts fundraising activities in Texas. More than 180 children from Texas have been treated at St. Jude, including 57 who are current patients. In

addition, the hospital provides all its research and clinical care protocols nationwide, including to hospitals in Texas.

Letter from Honorable Carole Keeton Rylander, Comptroller of Public Accounts, to Honorable John Cornyn, Attorney General (Jan. 25, 1999) (on file with Opinion Committee) [hereinafter Rylander letter of 1/25/99]. We do not determine in this opinion whether St. Jude is an organization qualified under the Act to conduct raffles. Rather, we answer your questions in order to guide those organizations who are qualified to do so.

You first ask whether a qualified organization may raffle a prize valued in excess of $50,000. You tell us that St. Jude wishes to offer a finished home as a raffle prize. Section 3(g) of the Charitable Raffle Enabling Act provides, in relevant part: "[T]he value of a prize that is offered or awarded at the raffle and that is purchased by the organization or for which the organization provides any consideration may not exceed $50,000." TEX. REV. CIV. STAT. ANN. art. 179f, § 3(g) (Vernon Supp. 1999). We construe section 3(g) in accordance with its plain language, which we think in this case clearly indicates the intent of the legislature. See St. Luke's Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 505 (Tex. 1997). A prize that is purchased by the organization or for which the organization provides any consideration may not have a value of more than $50,000. It follows that if a prize is donated to the organization, and the organization gives no consideration for the prize, its value may exceed $50,000. See Hearings on Tex. H.B. 240 & H.R.J. Res. 32 Before the House Comm. on State Affairs, 71st Leg., R.S. (Apr. 3, 1989) (tape available from House Video/Audio Services) (statement of Rep. T. Smith, bill sponsor) ("[I]f the prize to be awarded is purchased, it cannot exceed $25,000 [now $50,000]; however, if it is donated there's no limit on the value of the prize."). A qualified organization may raffle a prize valued in excess of $50,000, but only if the prize was not purchased by the organization and the organization gave no consideration for the prize.

You next ask whether section 3(g) of the Act prohibits an organization from "helping fund a raffle prize worth in excess of $50,000 through donations received from other fund raising efforts, such as other raffles or donations from outside sources." Rylander letter of 1/25/99, at 2. Although it is not clear what you mean by "helping fund" a prize, we understand you to ask whether the $50,000 cap applies when an organization purchases a prize with raised funds. We believe that it does. The Act was intended to benefit charitable organizations that receive most, if not all, of their funds through donations. See Hearings on Tex. H.B. 240 & H.R.J. Res. 32 Before the House Comm. on State Affairs, 71st Leg., R.S. (Mar. 13, 1989) (tape available from House Video/Audio Services). A construction of the Act that excludes prizes purchased with donated funds from the $50,000 cap would allow an exception to swallow the rule. Such a construction would also be inconsistent with the clear terms of the statute: a prize that is purchased by the organization or for which the organization provides any consideration may not have a value of more than $50,000. See TEX. REV. CIV. STAT. ANN. art. 179f, § 3(g) (Vernon Supp. 1999). This is true even if the funds used to obtain the prize were donated to the organization.

Finally, you ask whether the profits received from a raffle may be used to fund the ongoing raffle or future raffles. As required by the constitution, the Raffle Enabling Act provides: "All proceeds from the sale of tickets for the raffle must be spent for the charitable purposes of the organization." *Id.* § 3(d). "Charitable purposes" under the Act means:

> (A)   benefiting needy or deserving persons in this state, indefinite in number, by enhancing their opportunity for religious or educational advancement, relieving them from disease, suffering, or distress, contributing to their physical well-being, assisting them in establishing themselves in life as worthy and useful citizens, or increasing their comprehension of and devotion to the principles on which this nation was founded and enhancing their loyalty to their government; or

> (B)   initiating, performing, or fostering worthy public works in this state or enabling or furthering the erection or maintenance of public structures in this state.

*Id.* § 2(a)(2). We have said that whether funds are used for a charitable purpose under the Act is a question of fact. *See* Tex. Att'y Gen. Op. No. JM-1180 (1990) at 3. Accordingly, whether a particular use of funds is for a charitable purpose is a question we generally cannot answer in an opinion.

Your question suggests that you would have this office conclude as a matter of law that a qualified nonprofit organization may use proceeds of a raffle for future fund-raising efforts. You suggest that because fund-raising helps the organization further its charitable purposes, proceeds used for fund-raising efforts are used for a charitable purpose under the Act. While we agree that fund-raising is an inherent part of almost any charitable effort, in our view the Act requires raffle proceeds to be used for the *direct* charitable purposes of the organization; that is, for the direct benefit of needy or deserving persons in this state or for initiating, performing, or fostering worthy public works. *See* TEX. REV. CIV. STAT. ANN. art. 179f, § 2(a)(2) (Vernon Supp. 1999).

We cannot conclude that fund-raising itself is a charitable purpose. Nor are we prepared to say that it may never be a charitable purpose. There may be certain organizations who do nothing but raise funds for other charitable organizations. We are not prepared to say whether, in such instances, fund-raising is a charitable purpose under section 2 of the Act. When, as in the case of St. Jude Children's Research Hospital, a nonprofit organization has an identified charitable purpose of benefitting needy or deserving persons other than fund-raising, we decline to expand the definition of charitable purpose to include fund-raising. Such an analysis, we believe, would mistake the means by which the charitable purpose is accomplished (fund-raising to support medical treatment) with the charitable purpose of the organization (providing medical treatment). In these

circumstances, a qualified nonprofit organization may not use raffle proceeds for the cost of future fund-raising events.

We do not think, however, that the Act precludes an organization from using a portion of a raffle's gross proceeds to pay the expenses of conducting the raffle generating those proceeds. Like the constitutional provision permitting charitable raffles, the constitutional provision permitting charitable bingo requires "all proceeds" of the bingo game to be spent for the charitable purposes of the sponsoring organization. TEX. CONST. art. III, § 47(b)(1). In *Aerospace Optimist Club of Fort Worth v. Texas Alcoholic Beverage Commission*, 886 S.W.2d 556 (Tex. App.–Austin 1994, no writ), the court considered whether bingo proceeds could be used for expenses other than those directly serving a charitable purpose. The court found the ordinary meaning of "proceeds" uncertain: it is defined as both "the total amount brought in" and "the net amount received after deduction of any discount or charges." *Id.* at 559 (citing WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1807 (1986)). Finding no clear evidence of the intent of the voters in adopting the provision, the court looked to the legislative interpretation of the term. The Bingo Enabling Act equated the constitutional phrase "all proceeds" with the term "net proceeds" by providing: "[t]he net proceeds of any game of bingo and of any rental of premises for bingo shall be exclusively devoted to charitable purposes." *Id.* at 560 (citing TEX. REV. CIV. STAT. ANN. art. 179d, § 11(d) (Vernon Supp. 1999)). "Net proceeds" was defined to mean gross receipts "after deducting the reasonable sums necessarily and actually expended for advertising, security, repairs to premises and equipment, bingo supplies and equipment." *Id.* Recognizing the value of legislative construction in constitutional interpretation, the court held that "the phrase 'all proceeds' as used in the Bingo Amendment means net proceeds after payment of reasonable, incidental, and necessary expenses." *Id* at 560-61. "Any other construction would be unreasonable. Nothing suggests that the drafters of the amendment or the voters intended bingo operators to seek outside sources of revenue in order to conduct bingo operations." *Id.* at 561.

We believe a court would apply the same construction given to the phrase "all proceeds" in the constitution's bingo provision to the phrase "all proceeds" in the constitution's charitable raffle provision. *See L & M-Surco Mfg., Inc. v. Winn Tile Co.*, 580 S.W.2d 920, 926 (Tex. Civ. App.–Tyler 1979, writ dism'd w.o.j.) ("In construing a statutory word or phrase, the court may take into consideration the meaning of the same or similar language used elsewhere in the act or in another act of similar nature."). Although the Charitable Raffle Enabling Act does not define "all proceeds," and thus does not construe the term, the remainder of the court's analysis of the charitable bingo provision in *Aerospace* applies to the charitable raffle provision. The meaning of the term "proceeds" remains unclear, we find no evidence of the voters' understanding of the phrase, and we find no indication in the legislative history of the Act that the legislature intended the cost of raffles to be funded from outside sources. We therefore conclude that the phrase "all proceeds" as used in the constitution and the Charitable Raffle Enabling Act means net proceeds after payment of reasonable, incidental, and necessary expenses. Accordingly, an organization may use raffle proceeds to pay the reasonable, incidental, and necessary expenses of conducting the raffle from which the proceeds were raised. The net proceeds of the raffle must be spent for the charitable purposes of the organization.

## S U M M A R Y

Under the Charitable Raffle Enabling Act, a qualified organization may raffle a prize valued in excess of $50,000 if the prize was not purchased by the organization and the organization gave no consideration for the prize. If an organization purchases a prize, the prize is subject to the $50,000 cap even if the funds used for the purchase were donated. An organization may use a portion of the gross raffle proceeds to pay the reasonable, incidental, and necessary expenses of conducting the raffle from which the proceeds were raised, but ordinarily no raffle proceeds may be used to fund subsequent raffles. The net proceeds of the raffle must be spent for the charitable purposes of the organization.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Barbara Griffin
Assistant Attorney General